IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEORGE LEONARD JONES, | : | NO. 21-cr-14-1 |
| Defendant. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                          **March 4, 2026**

Defendant George L. Jones, proceeding *pro se*, moves the Court to reconsider Judge

Goldberg's denial of Defendant's second Motion for Compassionate Release, ECF No. 93 (the

"Motion").[1] Judge Goldberg denied Defendant's Motion for Compassionate Release on May 2,

2025. ECF No. 91. Now, eight months later, Defendant asks the Court to reconsider that denial,

seeking a sentence reduction based on 18 U.S.C. § 3582(c)(1)(A)(i), which allows for a reduction

in sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). For the

foregoing reasons, the Court will deny Defendant's Motion (ECF No. 93).

## I.        BACKGROUND

On August 25, 2021, Mr. Jones was convicted of one count of knowingly possessing a

firearm in and affecting interstate and foreign commerce, knowing he had previously been

convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment

for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). ECF No. 34; *see*

ECF No. 1. Mr. Jones was subject to a 15-year mandatory minimum under 18 U.S.C. § 924(e)

(Armed Career Criminal Act) based on his three prior felony drug convictions. *See* ECF No. 91 at

---

[1] On January 16, 2026, this case was reassigned to this Court because Judge Goldberg retired from
the bench. *See* ECF No. 94.

1

2; ECF No. 96 at 2. Mr. Jones pled guilty to the count pursuant to a written plea agreement and was sentenced by Judge Goldberg to 180 months' incarceration and five years of supervised release. ECF Nos. 32, 34, 43.

To date, Mr. Jones has served approximately 66 months out of his 180-month sentence, with credit for good conduct of approximately 9 months, totaling approximately 75 months served. *See* ECF No. 96 at 3 (dated Jan. 23, 2026). Mr. Jones' minimum release date is May 18, 2032. *Id.*

Mr. Jones has moved twice prior for compassionate release, in May 2023 and in November 2024, listing as reasons his desire to regain custody of his then-17-year-old daughter, health concerns, and the Sentencing Commission's November 1, 2023 amendment to the sentencing guidelines. ECF No. 67 at 1; ECF No. 91 at 1–2. Both motions were denied by Judge Goldberg. ECF Nos. 67, 91. He now moves for reconsideration of Judge Goldberg's denial of his most recent motion for compassionate release, citing additional "extraordinary and compelling reasons" warranting relief. ECF No. 93 at 2. His basis for compassionate release is his new prostate cancer diagnosis, stating that the Bureau of Prisons is not able to properly take care of him. *Id.* He is currently incarcerated at FMC Butner. *Id.* at 1; ECF No. 96 at 3.

Mr. Jones filed his Motion for Reconsideration on January 15, 2026. ECF No. 93. The government filed a response in opposition on January 23, 2026. ECF No. 96. The Motion is now ripe for adjudication.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may grant compassionate release if "extraordinary and compelling reasons" warrant a reduction in sentence and if the traditional sentencing factors under 18 U.S.C. § 3553(a) support such a reduction. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to 28 U.S.C. § 994(t), the U.S. Sentencing Commission helps clarify what

constitutes "extraordinary and compelling" reasons by "promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18[ and] . . . describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The U.S. Sentencing Guidelines provide that "extraordinary and compelling reasons" warranting compassionate release may arise if:

> The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13(b)(1)(A). "Extraordinary and compelling reasons" may also arise if a defendant's medical condition requires specialized or long-term care that the prison is not providing, and without which the defendant faces serious deterioration of health or death. U.S.S.G. § 1B1.13(b)(1)(C).

However, even if a defendant presents "extraordinary and compelling reasons" for compassionate release, the court must also weigh the 18 U.S.C. § 3553(a) sentencing factors to determine if early release is warranted. 18 U.S.C. § 3582(c)(1)(A). Those factors are:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed –

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(1)–(2).

The defendant bears the burden of proving that the requested relief is warranted by a preponderance of the evidence. *United States v. Candidi*, No. 21-cr-273, 2025 WL 417337, at *2 (E.D. Pa. Feb. 6, 2025). "A grant of compassionate release is a purely discretionary decision." *United States v. Stewart*, 86 F.4th 532, 534 (3d Cir. 2023).

Motions for Reconsideration are filed "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). A party seeking reconsideration must show one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Rossi v. Schlarbaum*, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009) (citation omitted).

## III.    DISCUSSION

Mr. Jones states that his recently diagnosed prostate cancer entitles him to compassionate release, alleging that he could receive better care outside of the Bureau of Prisons' custody, and moves the Court to reconsider Judge Goldberg's denial of his prior motion for compassionate release, ECF No. 91. ECF No. 93 at 1–2. However, the availability of new evidence since Mr. Jones filed his prior motion—his prostate cancer diagnosis—does not suffice to grant him compassionate release. Moreover, Mr. Jones has failed to satisfy his burden of proving "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. §

3582(c)(1)(A)(i), and his Motion also fails under the 18 U.S.C. § 3553(a) sentencing factors.

To successfully obtain reconsideration by a court, one must show "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis*, 591 F.3d at 669. In his Motion, Mr. Jones does not claim that there has been an intervening change in controlling law since his prior motion for compassionate release was denied by Judge Goldberg or that the denial presented a clear error of law or manifest injustice. *See* ECF No. 93. He only reports to the Court that he now suffers from a new medical condition—prostate cancer. *Id.* While Mr. Jones' diagnosis is new evidence that Judge Goldberg did not have when denying his prior motion for compassionate release, this change in his medical condition does not compel the Court to alter Judge Goldberg's prior Order that compassionate release should be denied because Mr. Jones has not demonstrated "extraordinary and compelling reasons" to warrant a sentence reduction. *See* ECF No. 91.

Even prior to his prostate cancer diagnosis, Mr. Jones suffered from a number of ailments and chronic conditions, including hyperlipidemia, depression, post-traumatic stress disorder ("PTSD"), gastroesophageal reflux disease ("GERD"), sleep apnea, hypertension, chronic lower back pain, and anemia. ECF No. 96 at 10. He is being treated for these conditions through medication and receives extensive support from medical staff and specialists at FMC Butner. *Id.* In his prior Orders denying Mr. Jones' motions for compassionate release, Judge Goldberg carefully considered his medical issues and treatment needs and concluded each time that his medical needs can be met by the Bureau of Prisons:

> Jones's serious and permanent physical injuries arguably qualify as "extraordinary" under the plain meaning of that term and thus present a closer question. But I nevertheless conclude that Jones has not made a sufficient showing that these injuries "warrant . . . a reduction" in Jones's sentence at this time. Jones has not demonstrated that he is in need of medical treatment that he is unable to receive in prison or that he faces a significant risk of harm from continued incarceration.

ECF No. 67 at 6.

> Defendant's injuries are set out more fully in my prior order. (ECF No. 67.) Briefly summarized, prior to Defendant's arrest, he was shot multiple times by an unknown assailant and lost vision in his right eye. He is diagnosed with Post Traumatic Stress Disorder. I note that Defendant's physical and mental conditions have not changed since the first Motion for Compassionate Release was filed and remain serious. But my reasoning for denying the first motion remains the same. Defendant has not demonstrated that the medical care he currently receives in prison is insufficient for treatment of his medical conditions.

ECF No. 91 at 6. In accord with Judge Goldberg's finding that Mr. Jones' many medical conditions, although serious, can nonetheless be managed in prison by the Bureau of Prisons, this Court finds that his prostate cancer can also be treated competently by FMC Butner's medical professionals, as described below. Thus, Mr. Jones' prostate cancer diagnosis is not an "extraordinary and compelling reason" sufficient to grant early release under 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Jones was first diagnosed with prostate cancer in May 2025. ECF No. 96 at 11; ECF No. 97 at 73. While his prostate cancer is significant, medical records show that it is localized with no metastatic spread. ECF No. 96 at 11; ECF No. 97 at 57, 119. Accordingly, the prognosis for his condition is good.[2] Mr. Jones has chosen to treat his prostate cancer with radiation therapy and was transferred to FMC Butner for that reason. ECF No. 96 at 12; ECF No. 97 at 47, 51, 120, 124. The doctor approved a course of external beam therapy, along with hormone therapy. ECF No. 97 at 120. Mr. Jones' test results show that his prostate cancer represents an intermediate risk tumor. *Id.* at 47, 118; ECF No. 96 at 14. This condition, while serious, does not amount to a terminal

---

[2] *See* Johns Hopkins Medicine, *Prostate Cancer Prognosis*, https://www.hopkinsmedicine.org/health/conditions-and-diseases/prostate-cancer/prostate-cancer-prognosis (accessed Feb. 27, 2026) ("Because most prostate cancers are diagnosed with early screening measures and are curable, the average long-term prognosis for prostate cancer is quite encouraging.").

illness that cannot be managed in prison. *See* ECF No. 97; *United States v. Fager*, No. 16-cr-293, 2025 WL 2325662, at \*3 (E.D. Pa. Aug. 12, 2025) ("As long as the Prison is able to monitor and manage an inmate's medical conditions with medication, no extraordinary and compelling reason exists for the inmate's release."); *United States v. Pigford*, No. 20-cr-414, 2023 WL 2285825, at \*3 (E.D. Pa. Feb. 28, 2023) ("Chronic conditions managed in a Facility are not a sufficient basis for compassionate release."). Mr. Jones' allegation that he would receive better medical care outside of FMC Butner is without support as he has not stated or proven how his care outside of FMC Butner would be better. *See United States v. Daniels*, No. 15-cr-127, 2024 WL 3069814, at \*5 (E.D. Pa. June 18, 2024) (finding that inmate seeking compassionate release failed to show that "he would receive superior care outside of the Bureau of Prisons"). All of Mr. Jones' medical needs are adequately taken care of by the Bureau of Prisons and specifically within FMC Butner, a federal medical facility that specializes in oncology. ECF No. 96 at 12, 14; *see generally* ECF No. 97.

Further, even if the reasons put forward by Mr. Jones qualified as "extraordinary and compelling reasons" for compassionate release, a reduction would still not be justified based upon a reexamination of the 18 U.S.C. § 3553(a) sentencing factors. In the Third Circuit, even where a prisoner has presented "extraordinary and compelling reasons" for compassionate release, the court must also examine the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate. *Stewart*, 86 F.4th at 533.

Here, Mr. Jones has served less than half of his mandatory 180-month term. ECF No. 96 at 3; *see United States v. Bullock*, 833 F. App'x 934, 935 (3d. Cir. 2021) (finding "[i]t was permissible for the District [court] to consider the substantial time remaining to be served on Bullock's sentence" when deciding his motion for compassionate release). Furthermore, in

addition to the instant offense involving a firearm, Mr. Jones has three prior convictions for felony drug offenses. Permitting his release now would not properly take into consideration the nature and circumstances of the offense and the history of the defendant, promote respect for the law, provide just punishment for the offense, or serve as a deterrent for future crimes. *See* 18 U.S.C. § 3553(a)(1)–(2).

IV.    **CONCLUSION**

Mr. Jones has not presented new evidence warranting a reconsideration of Judge Goldberg's prior Order denying his motion for compassionate release, ECF No. 91, and has failed to demonstrate "extraordinary and compelling reasons" for reducing his sentence under the compassionate release statute, as required by 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the 18 U.S.C. § 3553(a) sentencing factors do not weigh in favor of an early release. The Court will therefore deny Mr. Jones' Motion for Reconsideration (ECF No. 93). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**